UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DENA HELTON, Plaintiff | CIVIL DOCKET NO. 1:20-CV-00544 |
| VERSUS | JUDGE DRELL |
| ROOT INSURANCE CO., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Amend (ECF No. 9) and a Motion to Remand (ECF No. 10) filed by Plaintiff Dena Helton ("Helton"). Because Helton does not have a right of action against her husband for negligent injury, Helton's Motion to Amend (ECF No. 9) should be DENIED IN PART as to adding Kenneth Helton as a Defendant, but GRANTED IN PART in all other respects (ECF No. 9). And because denying joinder of Helton's husband maintains complete diversity between the parties, Helton's Motion to Remand (ECF No. 10) should be DENIED.

I. Background

Helton filed a Complaint against Defendant Root Insurance Co. ("Root") in the 9th Judicial District Court, Rapides Parish, Louisiana. Helton seeks monetary damages for personal injuries sustained in a car accident with her husband.

In the accident, Helton's husband Kenneth ran off the road in an attempt to avoid a deer, injuring Helton. Root is Kenneth Helton's liability and UM insurer. Before filing suit, Helton informed Root that her damages exceed Root's policy

limits ($100,000 per person) due to recommended surgery–a right C3-4 posterior foraminotomy and L5-S1 TLIF with decompressive laminectomy.

Root removed alleging diversity. Helton is a citizen of Louisiana. Root is an Ohio corporation with its principal place of business in Ohio. ECF No. 1.

Helton filed a Motion to Amend, seeking to add her husband, alleging his negligent operation of the vehicle was the cause of the accident. ECF No. 9-2. Helton also seeks to amend to show that she is suing Root in its capacity as Helton's liability and medical insurer, instead of as his UM insurer.[1] ECF No. 9-2. Helton also filed a Motion to Remand, contending the addition of her husband destroys diversity. ECF No. 10. Root answered and opposed both motions. ECF Nos. 14, 15.

II. Law and Analysis

    A. Subject matter jurisdiction based on diversity.

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). There is a presumption against subject matter jurisdiction, which must be rebutted by the party bringing an action to federal court. *See Coury*, 85 F.3d at 248. The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. *See Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). Thus, Defendants have the burden of proving this Court has diversity jurisdiction.

---

[1] Helton's original complaint named Root as Kenneth Helton's UM insurer.

The general-diversity statute permits federal district court jurisdiction over suits for more than $ 75,000 between citizens of different States. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Stangel v. A-1 Freeman North America, Inc.*, 64 Fed. Appx. 416, *1 (5th Cir. 2003). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Dir. 1998). Remand is proper if at any time the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. *See Gasch v. Hartford Accident & Indemnity Co.,* 491 F.3d 278, 281–82 (5th Cir. 2007).

### B. Helton has no right of action against Kenneth Helton.

Helton claims that her husband's negligence caused the accident and her resulting injuries. Root does not object to the amendment specifying Helton's causes of action against Root as Kenneth Helton's liability and medical insurer rather than his UM insurer. ECF No. 14 at 3. However, Root objects to the addition of Kenneth Helton and opposes the Motion to Remand (ECF No. 15).

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court. *See Bisby v. Garza*, 2008 WL 465320, at *1 (S.D. Tex. 2008)

(citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.,* 621 F.2d 117, 122 (5th Cir.1980)). However, joinder of additional defendants in an action requires permission from the court, and the defendants must be involved in the same transaction or occurrence, with common questions of law or fact, as the originally named defendants. *See* Fed. R. Civ. P. Rule 20. In exercising its discretion, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by allowing the amendment. *See Bisby*, 2008 WL 465320, at *1 (citing *Daves v. Payless Cashways, Inc.,* 661 F.2d 1022, 1024 (5th Cir. 1981)).

A court may deny a motion to amend if it is futile. *See Stripling v. Jordan Production Co., L.L.C.,* 234 F.3d 863, 872-73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief can be granted. *See id.* at 873. Therefore, the issue is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the proposed amended complaint states any valid claim for relief. *See id.* at 873.

To demonstrate improper joinder of a resident defendant, the removing defendant must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *See Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

Root contends Helton should not be permitted to add Kenneth Helton as a Defendant because, as her husband, he has inter-spousal immunity from her suit for negligent injury. ECF No. 15 at 4. La. R.S. 9:291 states:

> Spouses may not sue each other except for causes of action pertaining to contracts or arising out of the provisions of Book III, Title VI of the Civil Code; for restitution of separate property; for divorce or declaration of nullity of the marriage; and for causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart.

Thus, under Louisiana law, spouses have no right to sue each other for negligent injury. *See Cloud v. State Farm Mutual Automobile Insurance Co.*, 440 So. 2d 961, (La. App. 3d Cir. 1983), writ den., 445 So. 2d 442 (La. 1984); *see also McCann v. State Farm Mutual Automobile Insurance Co.,* 483 So.2d 205, 206 (La. App. 3d Cir. 1986), writ den., 486 So. 2d 734 (La. 1986).

Louisiana's Direct Action Statute conforms to La. R.S. 9:291 by permitting an injured spouse to sue the driver-spouse's insurer directly, without suing the driver-spouse. La. R.S. 22:1269(B)(1)(d) provides:

> B.(1) The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and *in solido*, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies: . . .
> > (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.

*Mallery v. Becker*, 2014 WL 60327, at *4 (W.D. La. 2014). The statute seeks to balance an insured spouse's right to recover damages with deference to the bonds of marriage:

> In Louisiana, the direct action statute permits suit against the insurer without prior judgment against the insured spouse. Thus it permits Louisiana to pay lip service to the preservation of domestic tranquility while at the same time assuring recovery of damages by victim spouses. Interestingly, when the Legislature amended the direct action statute to require that the plaintiff name the insured party as a party, it exempted interspousal torts. Consequently, the direct action statute continues to allow recovery during marriage against the insurer of a spouse.

*Lonzo v. Lonzo*, 2017-0549 (La. App. 4 Cir. 11/15/17), 231 So. 3d 957, 965 (quoting Frank L. Maraist & Thomas C. Galligan, Jr., *Louisiana Tort Law* § 11.02, n. 4 (2d ed. 2016).

Because Helton does not have a right of action against her husband for negligent injury, Helton's Motion to Amend (ECF No. 9) to add Kenneth Helton as a Defendant should be denied. In all other respects, Helton's Motion to Amend is unopposed and should be granted. ECF No. 9. Absent Kenneth Helton, complete diversity exists, however, meaning remand is unwarranted.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Helton's Motion to Amend (ECF No. 9) be DENIED IN PART insofar as it moves to add Kenneth Helton as a Defendant, and GRANTED IN PART in all other respects. Helton should be ordered to FILE A REVISED AMENDED COMPLAINT.

IT IS FURTHER RECOMMENDED that Helton's Motion to Remand (ECF NO. 10) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Friday, March 5, 2021.

Joseph H.L. Perez-Montes
United States Magistrate Judge